IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02370-BNB

WILLIAM ELLER,

    Plaintiff,

v.

STEVE HARTLEY,
DARYL VIGIL,
RENEE APODACA,
RYAN FLORES,
MR. POUNDS,
PENNY SPEARING, AND
GLENNA CLAUNCH,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, William Eller, is a prisoner in the custody of the Colorado Department of Corrections (DOC).  He was incarcerated at the Centennial Correctional Facility in Cañon City, Colorado, when he attempted to initiate this action by submitting to the Court *pro se* a motion titled "Motion: Leave to Proceed a Civil Action § 1983 Complaint Against Multiple Dept. of Corrections Facilitys [sic] in One Civil Action Complaint" (ECF No. 1).  He since has informed the Court that he currently is incarcerated at the DOC correctional facility in Sterling, Colorado.

    The Court reviewed the motion (ECF No. 1) and determined it was deficient. Therefore, on September 6, 2012, Magistrate Judge Boyd N. Boland directed Mr. Eller

to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The September 6 order pointed out that Mr. Eller failed to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official. Subsection (a)(2) of 28 U.S.C. § 1915 requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." The September 6 order and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement. The September 6 order also directed Mr. Eller to submit a Prisoner Complaint.

The September 6 order warned Mr. Eller that the action would be dismissed without further notice if he failed to cure the designated deficiencies within thirty days. On October 4, 2012, Mr. Eller submitted three documents: (1) a certified copy of his trust fund account statement (ECF No. 5) for the four-month period from June 1 to October 1, 2012; (2) a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 6); and a document titled "Affidavit of Indigency to Proceed Pursuant to 28 USC § 1915" (ECF No. 7). Mr. Eller submitted a Prisoner Complaint (ECF No. 11) on October 29, 2012.

Mr. Eller has failed within the time allowed to cure all the designated deficiencies by submitting a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official. The certified account statement he submitted on October 4 (ECF No. 5) is for four months only.  Therefore, the complaint and the action will be dismissed without prejudice for failure to cure all the designated deficiencies as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Eller files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, William Eller, within the time allowed, to cure all the deficiencies designated in the order to cure of September 6, 2012.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 6) is denied as moot.  It is

FURTHER ORDERED that any other pending motions are denied as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  29th  day of    November    , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court